**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JUAN LEONARDO CAMBERO VICTORIA,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1852-KC** |
| **MARY DE ANDA-YBARRA et al.,** | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Juan Leonardo Cambero Victoria's Petition for Writ of Habeas Corpus, ECF No. 3, arguing that his detention is unlawful and asking the Court to order his release. *Id.* ¶¶ 13–15. On July 10, 2026, the Court ordered Respondents to show cause why the Petition should not be granted. July 10, 2026, Order, ECF No. 2.

In their Response, ECF No. 5, Respondents note that Cambero Victoria filed a previous petition, which this Court granted in Case No. 3:26-cv-1167-KC. After review, Cambero Victoria did previously file a habeas petition, which this Court granted in part, ordering Respondents to either (1) provide him with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. May 6, 2026, Order 3–4, *Cambero Victoria v. Field Off. Dir.,* No. 3:26-cv-1167-KC (W.D. Tex. May 6, 2026), ECF No. 9. His bond was denied after an IJ found him to be a flight risk. Final J., *Cambero Victoria,* No. 3:26-cv-1167-KC (W.D. Tex. May 15, 2026), ECF No. 13.

This Court "lacks jurisdiction to sit in review of an IJ's discretionary finding that an alien is a flight risk [or danger] and therefore should be denied bond." *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citation omitted). In other words, whether the Court agrees or not with the IJ's determinations regarding Cambero Victoria's risk of flight, it lacks the power to alter those determinations. Cambero Victoria may seek further relief through the appropriate immigration channels.

Further, it does not appear that he is now subject to a final order of removal, which would trigger a new claim and a different reasonableness standard for prolonged detention. *See generally* Pet.; *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). Thus, his Petition does not raise any viable claims at this time.

Accordingly, the Court **ORDERS** that Cambero Victoria's Petition, ECF No. 3, is **DISMISSED** without prejudice to refiling if any new claims accrue.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 22nd day of July, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE